UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. ____________________

JAMES BOTTGE, TONYA BOTTGE,
and ERIC KELLER, JR.

Plaintiffs,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, JAMES BOTTGE, TONYA BOTTGE, and ERIC KELLER, JR. (hereinafter "Plaintiffs"), sue Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and allege:

**PRELIMINARY ALLEGATIONS**

1. Plaintiffs, JAMES BOTTGE and TONYA BOTTGE, are husband and wife and citizens and residents of Elk Grove, California. Plaintiff, ERIC KELLER, JR., is the son of TONYA BOTTGE, and a citizen and resident of Herald, California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama, with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by

purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;

d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated vessels in the waters of this state;
g. Defendant was engaged in the business of providing to the public and Plaintiffs in particular, for compensation, vacation cruises aboard CARNIVAL RADIANCE.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL RADIANCE.

8. At all times material hereto, Defendant had exclusive custody and control of CARNIVAL RADIANCE, including its security and bar staff.

9. On June 15, 2023, Plaintiffs were passengers aboard CARNIVAL RADIANCE which was in navigable waters.

10. At all times material, Defendant also owned, operated, managed, maintained, controlled, and/or supervised the bars, lounges, and other areas aboard CARNIVAL RADIANCE, including the Liquid Lounge, which sell and serve alcohol to passengers and owed its passengers, including Plaintiffs, and had the legal duty to perform such functions in such a manner as to prevent them from being assaulted/injured by other passengers due to the influence of alcoholic beverages.

11. On the evening of June 15, 2023, Defendant negligently, and in violation of its own policies, sold alcoholic beverages in excess to a group of passengers – Trenell Gant, Jeremy Gant, Lakisha Gant, and Daquan Hamilton (2 of whom have significant criminal backgrounds, including felonies) (hereinafter "the assailants"). This occurred leading up to and before the assailants assaulted Plaintiffs (described below).

12. On the evening of June 15, 2023, Defendant negligently, and in violation of its own policies, failed to provide adequate security in its lounge leading up to and during a bingo

game during which time the assailants were loud, offensive, and belligerent in the presence of Defendant's employees working in the lounge and conducting the bingo game. This occurred leading up to and before the assailants assaulted Plaintiffs (described below).

13. On June 15, 2023, at the suggestion of Defendant's employee, Plaintiff TONYA BOTTGE, and her daughter went to Defendant's Liquid Lounge to reserve seats for her family to sit together for bingo. Before the bingo game started, a group of approximately 2 males and 3 females (the "assailants") sat behind Plaintiff's seats. Right from the beginning, this group was extremely loud and using foul language, such that other passengers in the area took notice. Defendant had various employees in the lounge – bar servers and cruise staff, who were also on notice of this disruptive behavior. Once the bingo game started, the group continued with its unruly behavior, to the point of yelling out to "Molly," Defendant's employee calling the bingo game - yelling to her that they could not hear and that she needed to speak louder. Plaintiff and respectfully advised that if they were quieter they should be able to hear. One of the male assailants (believed to be Trenell Gant) responded "Bitch, you don't know who you're talking to." Not wishing to engage, Plaintiff turned back around to face the stage; however, the male continued with threatening comments. At this, Plaintiff's daughter asked that he "Not talk to my mom like that," and as Plaintiff stood to sit her daughter back down, one of the female assailants threw a drink on her daughter and Plaintiff was struck in the face above the eye with a punch. The group of assailants then attacked and assaulted Plaintiff and her other family members. In fact, as Plaintiff's sister-in-law and her minor grandson and nephew attempted to move, the nephew was also struck by one of the assailants. Plaintiff TONYA BOTTGE was struck multiple times, as was Plaintiff JAMES BOTTGE who attempted to intervene and keep his wife from being injuries, as well as Plaintiff ERIC KELLER.

14. Although Defendant was aware and on notice of the assailants' unruly behavior for a significant period of time and since before commencement of the bingo game, Defendant took

no action, did not ask the assailants to modify their behavior, and, once the assault started, Defendant and its security staff were extremely and unreasonably slow to respond. Once Defendant security did respond, they separated the groups and took each out a different entrance of the Liquid Lounge only to have the groups meet up again at the elevators. Upon this meeting, the main male assailant (again, believed to be Trenell Gant) went around and evaded Defendant's security staff and charged Plaintiff ERIC KELLER and again struck him with a punch. In fact the main male assailant (Trenell Gant) and the second male assailant (believed to be Jeremy Gant) even assaulted and struck Defendant's security staff members, Amit Sharma, and Bimal Gurung.

15. As a consequence of visible injuries, Defendant's security staff insisted that Plaintiffs be evaluated in Defendant's infirmary and Plaintiffs TONYA BOTTGE, JAMES BOTTGE, and ERIC KELLER were escorted to

16. Thereafter, as Plaintiffs were in fear for their safety, they inquired of Defendant's security staff what actions Defendant would be taking to ensure the family's safety that evening, and Defendant simply responded that the other group was large and simply "recommended" that plaintiff and her family remain in their rooms for the remainder of the cruise in order room service.

17. Previously, other passengers on Defendants ships have been injured under similar, **if not identical**, circumstances where Defendant failed to exercise reasonable care, over-served passengers, failed to provide adequate security, and allowed passengers to assault fellow passengers. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

18. Adding insult to injury, despite all of the foregoing, the next morning, Defendant advised Plaintiffs and their family members that all were now banned from future cruises with Defendant and forced them to sign paperwork to this extent (Ms. Bottge refused to sign). Later,

Defendant improperly, fraudulently, and without authorization charged Plaintiff's credit cards $1,000 each for "misconduct."

19. In the aftermath of Plaintiffs' assault, upon information and belief, Defendant has failed to comply with its representations to Congress; failed to comply with its legal obligations under the Cruise Vessel Security and Safety Act, the Cruise Passenger Protection Act, 46 CFR Part 4, and other related legislation; and refused to assist Plaintiffs in identification and prosecution of the assailant. Moreover, upon information and belief, Defendant failed to complete and submit the required Cruise Line Report of Serious Violation of U.S. Law. To the extent it did so, it has refused to turn a copy over to Plaintiffs despite request.

20. As a consequence, Plaintiff TONYA BOTTGE sustained a facial laceration, head injury with concussion and resulting headaches, and anxiety. She necessitated treatment in Defendant's infirmary and upon return home.

21. As a consequence, Plaintiff JAMES BOTTGE sustained a facial contusion, resulting headaches, anxiety, insomnia, and PTSD. He necessitated treatment in Defendant's infirmary and upon return home.

22. As a consequence, Plaintiff ERIC KELLER sustained head trauma with resulting headaches. He necessitated treatment in Defendant's infirmary and upon return home.

23. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

**<u>COUNT I – NEGLIGENCE</u>**

Plaintiffs reallege, adopt, and incorporate by reference the allegations in Paragraphs one (1) through twenty-three (23) as though fully alleged herein.

24. At all times material, Defendant owed Plaintiffs a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama*

*Cruise Line*, *Inc.*, 867 F.2d 1318 (11th Cir. 1989), *on remand*, 715 F.Supp. 1069 (M.D.Fla. 1989).

25. At all times material, as part of its duty of reasonable care, Defendant also owed a duty to Plaintiffs to exercise reasonable care in the service of alcohol to passengers such as to ensure that passengers were not over-served alcohol to the point of extreme intoxication causing violent behavior and such as to protect passengers from physical assaults by other passengers, which were reasonably foreseeable.

26. At all times material, as part of its duty of reasonable care, Defendant also owed a duty to Plaintiffs to exercise reasonable care in the provision of adequate security aboard its ship and to adopt, implement, enforce, and carry out adequate and appropriate security measures and services such as to protect passengers from physical assaults by other passengers, which were reasonably foreseeable.

27. Defendant knew, or in the exercise of reasonable care should have known, that the selling and serving of alcoholic beverages and/or the selling and serving of alcoholic beverages to an excess, to passengers would increase the risk of disorderly conduct and foreseeable assaults on fellow passengers, including Plaintiffs, that there had been previous assaults on its ships by intoxicated passengers, and that such assaults were reasonably likely to be perpetrated on Defendant's ship, unless Defendant took reasonable steps to provide proper security for all passengers and that its lack of security created an opportunity for injury, assault, and battery upon its passengers. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

28. Defendant knew, or in the exercise of reasonable care should have known, that the failure to provide adequate security would increase the risk of disorderly conduct and

foreseeable assaults on fellow passengers, including Plaintiffs, that there had been previous assaults on its ships by passengers, and that such assaults were reasonably likely to be perpetrated on Defendant's ship, unless Defendant took reasonable steps to provide proper security for all passengers and that its lack of security created an opportunity for injury, assault, and battery upon its passengers. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

29. On or about June 15, 2023, Defendant, and/or its agents, employees, and/or servants, including its bar staff and security staff, breached its/their duty to provide Plaintiffs with reasonable care under the circumstances.

30. On or about June 15, 2023, Plaintiffs was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiffs' safety; and/or
b. Failure to provide Plaintiffs with a reasonably safe onboard environment free from violence and assaults; and/or
c. Failing to properly train its employees in the sale and service of alcohol; and/or
d. Failing to monitor and supervise its employees selling alcohol to passengers; and/or
e. Failing to adopt appropriate policies and procedures to prevent the sale of alcohol to overly intoxicated passengers; and/or
f. Failing to follow and/or violating its own policies and procedures forbidding the sale of alcohol to overly intoxicated passengers; and/or
g. Failure to implement and enforce adequate security policies, security measures, and security procedures necessary to protect passengers from other intoxicated and violent passengers; and/or
h. Failure to provide reasonable or adequate security presence for passengers, including security presence in its lounge; and/or
i. Failure to have any and/or an adequate number of security personnel on the ship, including at its bars, to protect passengers; and/or
j. Failure to properly train its employees in security and safety in order to ensure a safe environment for passengers free of violence and assaults; and/or
k. Failure to take additional security measures after being put on notice that security measures in force were inadequate under the circumstances; and/or

l. Failure to enforce its Code of Conduct for passenger safety; and/or
m. Selling or furnishing the assailants, who subsequently assaulted Plaintiffs, with alcoholic beverages to an excess, when it knew or should have known that such actions were likely to cause harm to other passengers, including Plaintiffs; and/or
n. Selling or furnishing the assailants, who subsequently assaulted Plaintiffs, alcoholic beverages to an excess in violation of Defendant's Liquor and Beverage Policy; and/or
o. Selling or furnishing the assailant, who subsequently assaulted Plaintiffs, with alcoholic beverages to an excess when it knew or should have known that the assailant was inebriated; and/or
p. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of assault Plaintiffs suffered, from happening; and/or
q. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of assault Plaintiffs suffered; and/or
r. Failure to implement available safety and security standards designed to reduce and/or prevent the type of assault Plaintiffs suffered from happening; and/or
s. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of assault Plaintiffs suffered from happening. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

31. Defendant created the foregoing conditions causing Plaintiffs' assault.

32. Alternatively, Defendant knew of the foregoing conditions causing Plaintiffs' assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

33. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022

fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

34. As a direct and proximate result of the negligence of Defendant, Plaintiffs were injured about Plaintiffs' body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiffs' injuries; suffered physical handicap; lost wages and Plaintiffs' working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

**COUNT II – FAILURE TO WARN**

Plaintiffs reallege, adopt, and incorporate by reference the allegations in Paragraphs one (1) through twenty-three (23) as though fully alleged herein.

35. At all times material, Defendant owed Plaintiffs a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

36. At all times material, this duty to warn extended to warning passengers, including Plaintiffs, of Defendant's failure to exercise reasonable care in the service of alcohol to passengers such as to ensure that passengers were not over-served alcohol to the point of extreme intoxication causing violent behavior such as to protect passengers from physical assaults by other passengers, which were reasonably foreseeable.

37. At all times material, this duty to warn extended to warning passengers,

including Plaintiffs, of Defendant's failure to exercise reasonable care in the provision of security and Defendant's failure to adopt, implement, enforce, and carry out adequate and appropriate security measures and services such as to protect passengers from physical assaults by other passengers, which were reasonably foreseeable.

38. Defendant knew, or in the exercise of reasonable care should have known, that the selling and serving of alcoholic beverages, and the selling and serving of alcoholic beverages to an excess, to passengers would increase the risk of disorderly conduct and foreseeable assaults on fellow passengers, including Plaintiffs, that there had been previous assaults on its ships by intoxicated passengers, and that such assaults were reasonably likely to be perpetrated on Defendant's ship, unless Defendant took reasonable steps to provide proper security for all passengers and that its lack of security created an opportunity for injury, assault, and battery upon its passengers *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

39. Defendant knew, or in the exercise of reasonable care should have known, that the failure to provide adequate security would increase the risk of disorderly conduct and foreseeable assaults on fellow passengers, including Plaintiffs, that there had been previous assaults on its ships by passengers, and that such assaults were reasonably likely to be perpetrated on Defendant's ship, unless Defendant took reasonable steps to provide proper security for all passengers and that its lack of security created an opportunity for injury, assault, and battery upon its passengers *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-

King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

40. On or about June 15, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiffs with reasonable care under the circumstances by failing to warn Plaintiffs of a dangerous condition known to Defendant. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

41. On or about June 15, 2023, Plaintiffs was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiffs' safety; and/or
b. Failure to warn Plaintiffs of a dangerous condition, to wit: the likelihood of Defendant over-serving passengers to the point of severe intoxication and violence, which Defendant had actual knowledge of and was on notice of; and/or
c. Failure to warn Plaintiffs of a dangerous condition, to wit: the likelihood of Defendant over-serving passengers to the point of severe intoxication and violence, which, in the exercise of reasonable care, Defendant should have had knowledge of and been on notice of; and/or
d. Failure to warn Plaintiffs of a dangerous condition, to wit: the likelihood of Defendant's failure to follow its own policies/procedures relative to the service of alcohol to passengers, which Defendant had actual knowledge of and was on notice of; and/or
e. Failure to warn Plaintiffs of a dangerous condition, to wit: the likelihood of Defendant's failure to follow its own policies/procedures relative to the service of alcohol to passengers, which, in the exercise of reasonable care, Defendant should have had knowledge of and been on notice of; and/or
f. Failure to warn Plaintiffs of a dangerous condition, to wit: the likelihood of overly intoxicated passengers becoming violent and committing assaults, which Defendant had actual knowledge of and was on notice of; and/or
g. Failure to warn Plaintiffs of a dangerous condition, to wit: the likelihood of overly intoxicated passengers becoming violent and committing assaults, which, in the exercise of reasonable care, Defendant should have had knowledge of and been on notice of; and/or
h. Failure to warn Plaintiffs of a dangerous condition, to wit: improper/inadequate

supervision and control of its bar facilities and servers, which Defendant had actual knowledge of and was on notice of; and/or

i. Failure to warn Plaintiffs of a dangerous condition, to wit: improper/inadequate supervision and control of its bar facilities and servers, which, in the exercise of reasonable care, Defendant should have had knowledge of and been on notice of; and/or

j. Failure to warn Plaintiffs of a dangerous condition, to wit: improper/inadequate security measures, security personnel numbers, and security personnel presence, which Defendant had actual knowledge of and was on notice of; and/or

k. Failure to warn Plaintiffs of a dangerous condition, to wit: improper/inadequate security measures, security personnel numbers, and security personnel presence, which, in the exercise of reasonable care, Defendant should have had knowledge of and been on notice of.

42. Defendant created the foregoing conditions causing Plaintiffs' assault, but did not warn Plaintiffs of the hidden dangerous conditions.

43. Alternatively, Defendant knew of the foregoing conditions causing Plaintiffs' assault, but did not warn Plaintiffs of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiffs of the hidden dangerous condition. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

44. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiffs. *Broadus & Corliss Jones v. Carnival Corp.*, Case No. 17-Civ-20648-Altonaga (S.D.Fla. 2017); *Horia Jordache v. Carnival Corp.*, Case No. 18-Civ-24177-Gayles (S.D.Fla. 2018); *Jeffrey & Nadine Rittman v. Carnival Corp.*, Case No. 24-Civ-20634-King (S.D.Fla. 2024); February 2018 fight/brawl aboard LEGEND; June 2022 fight/brawl aboard MAGIC; July 2022 fight/brawl aboard ELATION; September 2022 fight/brawl aboard SUNSHINE.

45. As a direct and proximate result of the negligence of Defendant, Plaintiffs was injured about Plaintiffs' body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiffs' injuries; suffered physical handicap; lost wages and Plaintiffs' working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: April 19, 2024

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiffs*
10691 N. Kendall Drive – Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com